## In re IRVING J. GLUCK, Inc.

### No. 38678.

District Court, E. D. New York.

Dec. 27, 1940.

Sigmund Metz, of New York City, for petitioning creditors.

Max E. Greenberg, of New York City, for respondent.

MOSCOWITZ, District Judge.

This is a motion to dismiss the petition filed herein because of a determination made by the United States District Court for the Northern District of Illinois, Eastern Division, that jurisdiction over the alleged bankrupt is in that court, or, in the alternative, to transfer the petition and all proceedings to that court.

The motion was originally made returnable on August 2, 1940, and adjourned from time to time at the request of the attorney for petitioning creditors. It was heard on November 22, 1940, and all papers were to be submitted on December 6, 1940. The alleged bankrupt was ready at all times to proceed with the argument of the motion.

An involuntary petition was filed in this court on March 14, 1940. On March 16, 1940, the alleged bankrupt filed a voluntary petition for arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., in the United States District Court for the Northern District of Illinois, Eastern Division. On March 29, 1940, an answer was filed in this action setting forth the lack of jurisdiction of this court on the ground that the alleged bankrupt's principal place of business for the greater portion of six months immediately preceding the filing of the petition herein, was in Chicago, Illinois, and that a voluntary petition for an arrangement under Chapter XI of the Bankruptcy Act had been filed by the alleged bankrupt in the Northern District of Illinois, and that the said proceeding in said last-mentioned district is still pending.

Subsequent to the filing of the voluntary petition for an arrangement in the Northern District of Illinois, the Manhattan Company, a New York bank corporation and a creditor of the debtor, moved to dismiss said petition on the ground that at the time of the institution of said proceeding for an arrangement, there was an involuntary bankruptcy proceeding pending in this court, and on the further ground of lack of jurisdiction based upon the claim that the debtor did not have its principal place of business in the Northern District of Illinois for the longer portion of six months immediately preceding the filing of that petition. That motion was referred to a Special Master to hear and report.

On June 12, 1940 the Special Master made a report in which he found that

the principal place of business of the debtor was in Chicago, Illinois, for the longer portion of six months immediately preceding the filing of this petition than in any other jurisdiction and recommended that the motion of the Manhattan Company to dismiss the petition be overruled and that the United States District Court for the Northern District of Illinois take jurisdiction of the debtor's assets and effects.

Exceptions were filed by the objecting creditors to the report of the Special Master. Thereafter, on June 26, 1940, an order was made by a judge of the United States District Court for the Northern District of Illinois, overruling the exceptions to the report and approving and confirming the report and recommendations of the Special Master and referring the proceedings generally to a referee in bankruptcy. Thereafter a trustee was duly designated.

On July 15, 1940, a motion was made herein for an order granting leave to the alleged bankrupt to file an amended and supplemental answer herein so as to plead the decree of the United States District Court for the Northern District of Illinois, made on June 26, 1940, which held that jurisdiction was in that court. On July 19, 1940, the petitioning creditors herein consented to the filing of such amended and supplemental answer, thereupon said motion was withdrawn.

The petitioning creditors herein had notice of the proceedings in the Northern District of Illinois and could have participated therein had they desired.

Sections 321 and 322 of the Bankruptcy Act provide the forums in which a Chapter XI petition may be filed. These sections read as follows:

"Sec. 321 [§ 721]. A debtor may file a petition under this chapter in a pending bankruptcy proceeding either before or after his adjudication."

"Sec. 322 [§ 722]. If no bankruptcy proceeding is pending, a debtor may file an original petition under this chapter with the court which would have jurisdiction of a petition for his adjudication."

In view of the fact that the bankruptcy proceeding was in this court the petition for arrangement should have been filed in this court unless this court was without jurisdiction. A petition in bankruptcy gives notice to the world of its filing. It would seem that orderly proceedings would have required the determination of the question of jurisdiction here rather than in the Northern District of Illinois. That question could well have been raised and decided here. Ordinarily the Illinois proceeding would have been stayed pending the determination of the petition filed in this district, however, the petitioning creditors acquiesced in having the Illinois court determine the question of jurisdiction. The issue of jurisdiction was tried and decided in the Illinois proceeding. That determination is binding upon this court and cannot be collaterally attacked. This court is bound by the decree of the Illinois court. The petition and all proceedings will therefore be transferred to the United States District Court for the Northern District of Illinois, Eastern Division.

Settle order on notice.